NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO PEREZ-BARAJAS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-165 Agency No. A077-165-294 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 07, 2023[**]
San Francisco, California

Before: FRIEDLAND and NELSON, Circuit Judges, and KATZMANN,[***]
Judge.

Humberto Perez-Barajas, a Mexican native and citizen, petitions for review

of the Board of Immigration Appeals' (BIA) affirmance of an Immigration

Judge's (IJ) denial of his applications for withholding of removal under the

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.

"We review the BIA's denials of . . . withholding of removal[ ] and CAT relief for 'substantial evidence' and will uphold a denial supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (quoting *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010)). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).

1.      Perez-Barajas contends that the BIA and IJ erred in determining that his family was not a particular social group and that he could safely return to Mexico. "Withholding of removal requires the petitioner to demonstrate his or her 'life or freedom would be threatened in that country because of the [petitioner's] race, religion, nationality, membership in a particular social group, or political opinion.'" *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (alteration in original) (quoting 8 U.S.C. § 1231(b)(3)). A petitioner can meet this standard by showing past persecution that "establish[es] a presumption of fear of future persecution" or "through an independent showing of clear probability of future persecution." *Id.*

Substantial evidence supports the BIA and IJ's determination that Perez-Barajas did not experience past persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (citation omitted). The IJ explained that Perez-Barajas was not persecuted because he has not been physically harmed and any threats against his family following his father's murder were unfulfilled. *See id.* at 1062 ("Mere threats, without more, do not necessarily compel a finding of past persecution." (cleaned up and citation omitted)).

Moreover, the BIA correctly affirmed the IJ's determination that Perez-Barajas does not face a clear probability of future persecution. The BIA noted that Perez-Barajas's family members—who were also threatened—have continued to live in the same town as the individual who murdered petitioner's father without harm. *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) ("[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed." (emphasis in original) (internal quotation marks and citation omitted)). To the extent Perez-Barajas fears persecution by cartels, that petitioner has returned to Mexico on multiple occasions without harm and could reasonably relocate to Tijuana, where he previously lived without persecution, is dispositive of his claim for withholding of removal under the INA. *See Akosung v. Barr*, 970 F.3d 1095, 1101 (9th Cir. 2020) (withholding of removal is unavailable if

applicant could avoid persecution through relocation and it is reasonable to expect applicant to do so).

2.     Perez-Barajas next asserts that the BIA and IJ erred in concluding that he is not eligible for CAT relief.  CAT relief requires a showing that "it is more likely than not that [the petitioner] would be tortured if removed to the proposed country of removal" and that the torture is inflicted by, at the instigation of, or with the consent or acquiescence of a public official.  *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.16(c)(2)).

That the perpetrator was imprisoned following the murder of Perez-Barajas's father shows that the government did not instigate or acquiesce in torture, as required under 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  Moreover, as previously noted, substantial evidence supports the BIA and IJ's determination that Perez-Barajas could safely and reasonably relocate within Mexico.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704–05 (9th Cir. 2022) (the ability to relocate is sufficient to deny relief under CAT).  Perez-Barajas is therefore not entitled to relief on his CAT claim.

The petition for review and motion to stay removal (Dkt. No. 3) are **DENIED.**